# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | **CRIMINAL ACTION** |
| Plaintiff, | |
| v. | **NO. 10-664-KSM** |
| **JEAN JOSEPH**<br>      a/k/a "Shaka", | |
| Defendant. | |

## MEMORANDUM

**MARSTON, J.**                                                                                                                **July 12, 2021**

Defendant Jean Joseph is currently serving a 300-month sentence at the Federal Correctional Institution of Coleman ("FCI Coleman") for distribution of cocaine base, possession of crack with intent to distribute, possession of a firearm in furtherance of drug trafficking, possession of a firearm after previously being convicted of a crime punishable by more than a year imprisonment, and possession of a firearm by an illegal alien.  Mr. Joseph filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (Doc. No. 86.)  The government opposes the motion.  (Doc. No. 88.)

For the reasons discussed below, the Court denies the motion.

**I.      Background**

On October 6, 2010, a grand jury returned an indictment charging Mr. Joseph with six counts: one count of distribution of cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); two counts of possession with intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); one count of possession of a firearm in

furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); one count of possession of a firearm after previously being convicted of a crime punishable by more than a year imprisonment, in violation of 18 U.S.C. § 922(g)(1); and one count of possession of a firearm by an illegal alien, in violation of 18 U.S.C. §922(g)(5)(a). (Pre-Sentence Report ("PSR") at p. 4, ¶ 1.) On November 10, 2011, after a jury trial, Mr. Joseph was found guilty of all six counts. (Nov. 10, 2011 Trial Tr. at 91:17–92:17, 103:13–23; PSR at p. 4, ¶ 2.) On March 5, 2012, Mr. Joseph was sentenced to 210 months' imprisonment, followed by five years of supervised release, a $3,000 fine, and a $600 special assessment. (Doc. No. 86 at p. 1; Doc No. 88 at p. 6.) Mr. Joseph appealed his conviction and sentence, and the Third Circuit affirmed both. Mr. Joseph appealed again to the Supreme Court, which denied certiorari. *United States v. Joseph*, 648 F. App'x 244 (3d Cir. 2016), *cert. denied* 137 S. Ct. 323 (2016).

On June 1, 2020, Mr. Joseph filed a *pro se* motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Doc. No. 86.) First, Mr. Joseph asserts that his counsel was inadequately prepared for his sentencing hearing, and that his guideline calculation was incorrect because of a misapplied sentencing enhancement. (*Id*. at p. 5, ¶ 2.) Next, Mr. Joseph contends that his counsel failed to argue "that the firearm in question allegedly belonging to Mr. Joseph was not proven to be his." (*Id*. at p. 7, ¶ 5; Doc. No. 91 at p. 2.) Finally, Mr. Joseph asserts that, under *Rehaif v. United States*, the government failed to prove all elements of a violation of 18 U.S.C. § 922(g), because the government failed to prove that Mr. Joseph knew he belonged to a class of persons barred from possessing firearms. (Doc. No. 86 at pp. 5–9.) The Court will analyze each of these claims in turn.

II. **Legal Standard**

Under 28 U.S.C. § 2255, a prisoner in custody may move to "vacate, set aside, or correct

[a] sentence" where: 1) the sentence was imposed in violation of the Constitution or laws of the United States; 2) the court which imposed the sentence lacked the jurisdiction to do so; 3) the sentence was in excess of the maximum allowed by law; or 4) the sentence is otherwise subject to a collateral attack. 28 U.S.C. § 2255(a). The movant bears the burden of showing that his § 2255 motion has merit. *See United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005). The movant also "must clear a significantly higher hurdle than would exist on direct appeal" to obtain relief. *See United States v. Cleary*, 46 F.3d 307, 310 (3d Cir. 1995) (quoting *United States v. Frady*, 456 U.S. 152, 166 (1982)). "The court is to construe a prisoner's *pro se* pleading liberally." *United States v. Morales-Ortiz*, Criminal Action No. 11-143, 2020 WL 7246913, at *1 (E.D. Pa. Dec. 9, 2020) (internal quotation marks and citation omitted).

### III. Discussion

#### A. *Mr. Joseph's Non-Rehaif Claims*

Mr. Joseph first claims that his defense counsel was unprepared for his sentencing hearing because his attorney failed to argue "that the armed career criminal enhancement was premised on facts concerning prior convictions not found by the jury," and that use of the enhancement therefore should have been foreclosed by *Almendarez-Torres v. United States*. (Doc. No. 86 at p. 5, ¶ 2.) Second, Mr. Joseph claims that his attorney failed to argue "that the firearm in question allegedly belonging to Mr. Joseph was not proven to be his." (*Id*. at p. 7, ¶ 5.) Without discussing the merits of these claims, the Court finds that they are untimely and therefore barred.

Section 2255(f) governs the timeliness of claims made pursuant to § 2255. Section 2255 claims are timely for one year from the latest of: 1) the date on which the judgment of the conviction becomes final; 2) the date on which the impediment, if any, to making a motion

3

created by a governmental action in violation of the Constitution or federal laws is removed; 3) the date on which the right asserted was initially recognized by the Supreme Court; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Here, Mr. Joseph does not assert that he was previously impeded from appealing his sentence on these grounds, nor does he argue that the Supreme Court recognized any new right which might have made relief on these grounds newly available to him. Finally, these claims pertain to his attorney's arguments—or lack thereof—at his own trial and sentencing hearing, and Mr. Joseph alleges no facts that became available to him after the trial or sentencing hearing. Rather, what he alleges was discoverable through the exercise of due diligence from the date of his trial and the sentencing hearing, respectively. Therefore, the time limit for these non-*Rehaif* claims is presumptively one year from the date on which the judgment of the conviction became final, which here is the date on which the Supreme Court denied Mr. Joseph's writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality [of a conviction] attaches when this Court . . . denies a petition for a writ of certiorari."). The Supreme Court denied Mr. Joseph's petition for writ of certiorari on October 11, 2016. However, he did not file this motion until June 1, 2020—three and a half years later. Therefore, Mr. Joseph's non-*Rehaif* claims are untimely and must be denied.

### B. *Mr. Joseph's* Rehaif *Claim*

Mr. Joseph's final claim for relief is premised on the Supreme Court's revised interpretation of the required elements of proving a violation of § 922(g), enumerated in its decision *Rehaif v. United States*. A defendant may seek relief under § 2255 if a subsequent court decision makes clear that the "conviction and punishment were for an act that the law does not

4

make criminal." *Davis v. United States*, 417 U.S. 333, 346 (1974). In *Rehaif*, the Supreme Court held that, for the government to prove a violation of § 922(g), it must prove that the defendant knew that he possessed a firearm *and* knew that he belonged to the relevant class of people which made such possession illegal. 139 S. Ct. 2191, 2200 (2019). At issue specifically in this case are sections 922(g)(1) and (g)(5)(a), which prohibit the possession of firearms by a person previously convicted of a crime punishable by more than a year imprisonment (also referred to as a "convicted felon") and an illegal alien, respectively. 18 U.S.C. §§ 922(g)(1), 922(g)(5)(a).

Mr. Joseph's *Rehaif* claim is timely under § 2255(f) because it was made within one year of the Supreme Court's recognition of the asserted right. However, his claim must be denied for other reasons.

Mr. Joseph asserts that "the government had to prove that [he] knew he had 'been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.'" (Doc. No. 86 at p. 7, ¶ 4.) According to Mr. Joseph, "[i]f [he] had been properly informed of the correct standard, then there is a good possibility that he would not have been convicted . . . ." (*Id.* at p. 7, ¶ 6.) As this issue was raised neither at trial nor on direct appeal, it has been procedurally defaulted. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) (explaining that a claim becomes procedurally defaulted when it is the type of claim that "can be fully and completely addressed on direct review based on the record created . . . ."); *United States v. Duell*, Criminal No. 15-87, 2021 WL 858445, at *4 (W.D. Pa. Mar. 8, 2021) (finding that "Defendant has procedurally defaulted his claims by failing to raise them on direct appeal"). To overcome this procedural default, Mr. Joseph must demonstrate "cause" for and "actual prejudice" emanating from the default, or that he is actually innocent. *Bousley*, 523 U.S. at 622–23. If Mr.

5

Joseph cannot do so, then his claim must be denied.

First, Mr. Joseph cannot show cause. To be sure, for years appellate courts rejected the very same argument—namely, that knowledge of status is not a required element of a § 922(g) offense—that the Supreme Court ultimately later accepted in *Rehaif*. However, as the Supreme Court has recognized, "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Id*. (internal quotation marks and citations omitted). The exception to that rule is if the claim was "so novel" at the time "that its legal basis [was] not reasonably available to counsel." *Id.* at 622 (internal quotation marks and citations omitted).

But Mr. Joseph's claim is not a novel one and was reasonably available to his counsel. Indeed, the issue ultimately decided in *Rehaif* had been litigated in lower courts since at least 1991 and consistently up until and through Mr. Joseph's 2011 trial and conviction. *See United States v. Rehaif*, 888 F.3d 1138, 1145 n.3 (11th Cir. 2018) (listing several prior cases addressing the knowledge requirement under § 922(g))*; see also Morales-Ortiz*, 2020 WL 7246913, at *3 ("Mr. Morales-Ortiz's claim is not a novel one because the question presented in *Rehaif* has appeared in a countless number of courts of appeals decisions over the years."); *Duell*, 2021 WL 858445, at *4 (holding that the defendant did not show "cause" for bringing his *Rehaif*-based claims, noting that "[t]he Third Circuit had previously considered and rejected the prevailing argument in *Rehaif*, and the issue ha[d] been percolating in the courts for years, including during the time of Defendant's plea and sentencing" (cleaned up)).

Additionally, we read Mr. Joseph's assertion that he was not "properly informed of the correct standard" as raising an additional, *Rehaif*-related argument—specifically, that Mr. Joseph received ineffective assistance of counsel. (Doc. No. 86 at p. 7, ¶ 6.) First, the Court notes that

6

the proof of knowledge of status requirement to which Mr. Joseph refers did not yet exist at the time of his trial. In any event, Mr. Joseph cannot demonstrate "cause" necessary to overcome default because an attorney's assistance is not deficient where the attorney has only "fail[ed] to predict a change in the law." *United States v. Doe*, 810 F.3d 132, 154 (3d Cir. 2015).

Since Mr. Joseph cannot show cause, he may only circumvent his procedural default by showing that he is actually innocent.[1] *Bousley*, 523 U.S. at 623. Actual innocence refers to "factual innocence, not mere legal insufficiency." *Id.* at 623–24 (internal citations omitted). At bottom, a demonstration of actual innocence means that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). In addition, although "*Rehaif* requires the government to prove that a defendant knew of his illegal alien status" or his status as a felon, "it does not require proof that defendant knew his possession of a firearm was illegal." *Morales-Ortiz*, 2020 WL 7246913, at *3.

Here, Mr. Joseph's *Rehaif* claim turns entirely on his contention that the government did not prove that he knew he was a prohibited person, first as a previously convicted felon, and second, as an illegal alien. But a review of the record in this case demonstrates that the actual innocence threshold cannot be met. First, Mr. Joseph stipulated to his status as both a previously convicted felon and an illegal alien during trial. (Nov. 10, 2011 Trial Tr. at 94:14–95:1; PSR at p. 7, n.2.) While the "stipulation of a prior felony does not automatically establish knowledge of felony status, it is strongly suggestive of it." *Morales-Ortiz*, 2020 WL 7246913, at *4 (quoting *United States v. Ward,* 957 F.3d 691, 695 (6th Cir. 2020)). Mr. Joseph's stipulation to his alien status at the time of the offense is similarly "strongly suggestive . . . that he knew of his status as

---

[1] As Mr. Joseph cannot show cause for his default, the Court need not analyze whether there was also actual prejudice emanating from that default. *See Bousley*, 523 U.S. at 622 (requiring both cause and actual prejudice to overcome a procedural default).

an illegal alien." *Id*.

Even absent those stipulations, the evidence indicates that Mr. Joseph knew of his status as a felon and an illegal alien. Before this case, Mr. Joseph had been charged with and convicted of six prior felony controlled substance offenses, all for which he was sentenced to over one year in prison. (PSR at pp. 10–16.) When he was released after serving his sentence for those offenses, Mr. Joseph had spent *more than* four and a half years in prison. (PSR at p. 17, ¶ 65.) "[P]rior convictions are substantial evidence that [a defendant] knew they were [a felon]." *Greer v. United States,* 593 U.S. ——, —— S. Ct. ——, 2021 WL 2405146, at *5 (June 14, 2021). Simply put, "convicted felons typically know they're convicted felons." *Id*. at *6. So too here. The Court finds Mr. Joseph's multiple prior felony offenses and years-long stint in prison to be highly indicative of knowledge of his felon status. *See id.*; *see also United States v. Roberts*, Criminal Action No. 15-387, 2020 WL 6700918, at *4 (E.D. Pa. Nov. 13, 2020) ("Given Roberts' prior felony convictions, and given the fact that he had spent well over a year in prison prior to his June 2015 arrest, it is implausible that Roberts was unaware at the time of his offense that he had been convicted of a crime punishable by imprisonment of over a year, or that the Government would have been unable to prove this fact beyond a reasonable doubt."); *United States v. Saunders*, Criminal Action No. 10-442, 2020 WL 5569785, at *5 (E.D. Pa. Sept. 17, 2020) ("Saunders cannot prove his actual innocence. No reasonable juror would ever find that Saunders did not know that he had spent over two years in prison before he possessed a firearm on April 29, 2020.").

Similarly, both Mr. Joseph's removal status and serial interactions with immigration authorities around the time of the offenses charged by the grand jury on October 6, 2010, are indicative of knowledge of his unlawful presence in the United States. Several years before his

8

arrest on these charges, Mr. Joseph was ordered to be deported to Haiti, and he only remained in the United States because he lacked a valid passport. (PSR at p. 7, ¶ 19.) Consequently, he was placed on Order of Supervision, was advised that he was not admitted into the United States, and was required to report monthly to a BICE Detention and Removal Operations Office. (*Id*. at p. 7, ¶ 20.) He stopped reporting to authorities altogether in 2007. (*Id*.) Nothing in the record suggests any intervening event that might have suggested to Mr. Joseph that his presence in this country became lawful by the time of these offenses.

Finally, Mr. Joseph has not brought anything to the Court's attention that might indicate he did not know he was a felon or alien at the time he committed the offenses. Rather, he has simply said that the government did not present proof of that knowledge to the jury. (Doc. No. 91 at p. 2.) Such a claim cannot overcome the plain fact that the record evidence is inconsistent with a finding of actual innocence. *See Greer,* —— S. Ct. ——, 2021 WL 2405146, at *5 ("But if a defendant does not make such an argument [of lack of knowledge of status] . . . [there is] no basis to conclude that there is 'reasonable probability' that the outcome would have been different absent the *Rehaif* error." (cleaned up)). Accordingly, the Court finds that Mr. Joseph cannot demonstrate cause for his procedural default, nor can he show actual innocence of the crimes for which the jury convicted him. It follows that Mr. Joseph's *Rehaif* claims are denied.

### IV. Conclusion

For the foregoing reasons, the Court denies Mr. Joseph's motion to vacate his sentence.

An appropriate Order follows.